Hitchcock, J.
From the statement of the case, it will be seen that the lien of the judgment of the Farmers Bank of Canton had lost its preference as to any other bona fide judgment creditor, at the time the execution on that judgment was issued. But the lien of the Commercial Bank of Lake Erie was in full force, if at any time the judgment in its favor operated' as a lien upon the property sold. But it is insisted *by counsel for the plaintiff, [73 that this latter judgment did not operate at all as a lien, on account of the mortgage which had been executed previous to its rendition, and it is further insisted that mortgaged premises can not be sold on execution.
Admitting this principle, as a general rule, to be correct, it might be well questioned whether it would apply in this case. This mortgage was executed for the purpose of indemnifying the mortgagees against any liability which they might be subjected to in consequence of having become the securities of the mortgagor to the Commercial Bank. To it tlio bank was in no shape a party. The judgment recovered was upon one of the notes upon which the mortgagees were securities, and the sale of the property would go so far to release them from their liability. To the extent of the amount made, they would be absolutely released. The result of the argument of counsel is this: the mortgagees can not hold the property, because they are purchasers, and as to all purchasers the judgment of the Farmers Bank is still a lien. The Commercial Bank had no lien, because the property had been previously mortgaged. But the question, whether mortgaged premises can be sold on execution is not a new one in this state. If it were we might have some difficulty about it. In the cases of Ely v. McGuire, 2 Ohio, 223, and of Phelps v. Butler, 2 Ohio, 224, it was held, that where the mortgagor was in possession and the condition had not been forfeited, the land mortgaged might be sold on execution against the mortgagor. This is precisely the situation of the case before the court. The mortgagor was in possession, and the mortgagees had not sustained any loss in consequence of their liabilities. The same principle was recognized in the case of Baird v. Kirtland and others, 8 Ohio, 21. A majority of the court sitting in this case feel bound by these decisions.* Nor do we *74 see'any evil which can result. The interest of mortgagees are not affected. And when it is considered that the land must be sold for two-thirds its appraised value, certainly a mortgagor has no reason to complain.
74] *Tlie order of the court of common pleas is affirmed, with costs.